```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**JULIAN SETH DECUIR**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 23-1572**

**UNITED FINANCIAL CASUALTY**                             **SECTION "B"(2)**
**COMPANY AND PROGRESSIVE**
**SECURITY INSURANCE COMPANY**

## ORDER AND REASONS

Before the Court are plaintiff's motion to remand (Rec. Doc. 8), and defendant's opposition (Rec. Doc. 11). For the following reasons,

**IT IS HEREBY ORDERED** that the motion is **GRANTED**, remanding the above-captioned case to state court.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On or about February 23, 2020, at 4:15 a.m., Julian DeCuir was driving for Uber and/or Raiser LLC, on the Westbank Expressway in Jefferson Parish, Louisiana. Rec. Doc. 1-2 at 4. While stopped at a red light near Manhattan Boulevard, Jesus Morales-Quiroz crashed into the back of Mr. DeCuir's car. *Id.* at 5. Mr. Morales-Quiroz was subsequently cited for following too closely and operating a vehicle while intoxicated. *Id.* As a result of this accident, Mr. DeCuir alleges that he suffered "injuries to the mind and body including but not limited to the cervical and lumbar spine and right shoulder . . . ." *Id.*

1

On February 22, 2022, Julian DeCuir ("DeCuir" or "plaintiff") brought suit against United Financial Casualty Company ("UFCC" or "defendant") and Progressive Security Insurance Company ("PSIC") in the 24th Judicial District Court for the Parish of Jefferson. *See* Rec. Doc. 1-2 at 4. UFCC is a foreign insurance company licensed to do business in Louisiana, and PSIC is a Louisiana insurance company licensed to do business in the state. *See id.* On the motion of plaintiff all claims against PSIC, the non-diverse defendant, were dismissed with prejudice on November 18, 2022. *See* Rec. Doc. 1-4.

On April 20, 2022, defendant UFCC served its request for documents and interrogatories on plaintiff, which were not answered until December 1, 2022. *See* Rec. Doc. 1-12 at 6-16; Rec. Doc. 8-2. On December 7, 2022, counsel for UFCC reached out to plaintiff's counsel to discuss settlement, and whether plaintiff changed his mind and wanted to have an MRI done. *See* Rec. Doc. 8-3 at 2. Plaintiff's counsel responded that plaintiff would be having the MRI and she would keep defense counsel updated. *Id.* Then on December 19, 2022, UFCC made a records request on Diagnostic Imaging Services. *See* Rec. Doc. 8-4 at 2. On February 3, 2023, defense counsel reached back out to plaintiff's counsel to inquire as to whether plaintiff ever received an MRI or treatment with ortho and requested counsel to "forward those records and/or the name of the facility so we can request." Rec.

2

Doc. 1-8. Defense counsel followed up on the February 3, 2023 email on February 10, 2023, and again on February 17, 2023. *See id.* Defense counsel's emails went unanswered. Rec. Doc. 11 at 3. On April 4, 2023, defense counsel received the medical records from Diagnostic Imaging Services requested on December 19, 2022. *See* Rec. Doc. 1 at 7; Rec. Doc. 1-3.

Defendant UFCC then removed the case to this Court on May 10, 2023 asserting federal jurisdiction under 28 U.S.C. § 1332. *See* Rec. Doc. 1. Plaintiff filed the instant motion to remand on May 31, 2023, arguing that defendant's removal was untimely as the matter was removed over one year after the action was commenced. *See* Rec. Doc. 8 at 1. Defendant filed its opposition on June 26, 2023. *See* Rec. Doc. 11.

## II.   LAW AND ANALYSIS

"On a motion to remand '[t]he removing party bears the burden of establishing that federal jurisdiction exists and that removal was proper.'" *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (alterations in original) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Additionally, "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citation and internal quotations omitted). Removal is governed by 28 U.S.C. § 1446, which requires that the notice of removal must be filed within 30 days of receipt

3

of the initial pleading. *See* 28 U.S.C. § 1446(b)(1). Where a case is not originally removable but later becomes removable, the notice of removal must be filed within 30 days of receipt of the "amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1).

Here, plaintiff filed his petition on February 22, 2022 in Louisiana state court, making the deadline to remove pursuant to 28 U.S.C. § 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332, February 22, 2023. *See* Rec. Doc. 1; Rec. Doc. 8-1. Defendant filed its notice of removal on May 10, 2023, alleging that removal was timely under 28 U.S.C. § 1446(c)(1) "due to Plaintiff's bad faith attempt to prevent removal of this action," and that "Plaintiff's counsel knew of Plaintiff's medical treatment and diagnoses, which indicated that the amount in controversy exceeded the requisite amount for removal under 28 U.S. Code § 1446(b)(3) but failed to produce the same (prior to the one year deadline) despite numerous requests from Defendant." *See* Rec. Doc. 1 at 2. Defendant contends that while it was not

4

facially apparent that the amount in controversy exceeded the jurisdictional amount, the medical records received on April 4, 2023 from Diagnostic Imaging Services regarding his right shoulder, cervical, and lumbar spine, allowed defendant "to determine that the amount in controversy in this case exceeds the required $75,000 threshold." *See* Rec. Doc. 11 at 3; Rec. Doc. 1 at 4. Defendant contends that plaintiff acted in bad faith in not providing these records at an earlier time, and that numerous requests to plaintiff's counsel went unanswered, indicative of bad faith, therefore defendant satisfies the requirements under 28 U.S.C. § 1446(c)(1). *See id.*

However, the Court need not decide whether plaintiff acted in bad faith, because under no set of facts did defendant timely remove this matter to this Court. As previously stated, the removal deadline in this case was February 22, 2023 which only can be extended by showing "that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *See* 28 U.S.C. § 1446(c)(1). Assuming without deciding that plaintiff acted in bad faith to prevent removal by withholding plaintiff's medical records until after the February 22, 2023 deadline, defendant still cannot show timely removal. In its opposition to plaintiff's motion to remand defendant admits that the medical records received on April 4, 2023 allowed defendant to determine that the amount in controversy exceeded the jurisdictional amount.

5

*See* Rec. Doc. 11 at 3. Pursuant to 28 U.S.C. § 1446(b)(3), defendant then had 30 days from receipt of the medical records to notice removal, giving defendant a new deadline of May 4, 2023 to file its notice of removal. Defendant waited until May 10, 2023 to file notice, which is untimely under 28 U.S.C. §§ 1446(b)(3) and (c)(1). As defendant missed both possible deadlines to file its notice of removal, February 22, 2023 and May 4, 2023, the Court need not address defendant's bad faith argument. Based on the facts presented to this Court, defendant has not met its burden under 28 U.S.C. § 1446 to show timely removal, therefore this case must be remanded.

    New Orleans, Louisiana this 11th day of August, 2023

                                               _____
                                               SENIOR UNITED STATES DISTRICT JUDGE